**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4572**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JEFFREY PATRICK FRYE,

              Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:09-cr-00291-DCN-1)

Submitted: February 25, 2011      Decided: March 17, 2011

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Patrick Frye pled guilty without a plea agreement to seven counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). The district court calculated Frye's Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2009) at 151 to 188 months' imprisonment, departed upward pursuant to USSG § 4A1.3(a), p.s., and sentenced Frye to seven concurrent terms of 240 months' imprisonment. On appeal, Frye argues that the district court erred in imposing his sentence. We affirm.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth at 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 51 (2007). Appellate review of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41.

Frye challenges the district court's decision to impose the upward departure. A district court may depart upward from the Guidelines range under USSG § 4A1.3(a), p.s., when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; see United States v. Whorley, 550 F.3d

2

326, 341 (4th Cir. 2008) (noting that an under-representative criminal history category is an encouraged basis for departure).

In determining whether a departure sentence is appropriate in such circumstances, the Guidelines state that a court may consider prior sentences not used in the criminal history calculation, prior sentences of "substantially more than one year" for independent crimes committed at different times, prior similar misconduct resolved by civil or administrative adjudication, charges pending at the time of the offense, or prior similar conduct that did not result in a conviction. See USSG § 4A1.3(a)(2), p.s.

In this case, the record supports the district court's conclusion that Frye's criminal history category failed to reflect adequately the seriousness of his criminal history and the likelihood of his recidivism. Frye had multiple unscored convictions not included in his criminal history category, a lengthy criminal history replete with recidivism, and several arrests for conduct involving theft and fraud. Thus, the district court did not err in imposing the departure.

Frye also claims that the district court abused its discretion in imposing the departure sentence because the sentence is not supported by the 18 U.S.C. § 3553(a) sentencing factors. When reviewing the reasonableness of an upward departure sentence, we "must give due deference to the district

court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Under 18 U.S.C. § 3553(a), the district court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. The court should impose a sentence that reflects the seriousness of the offense, and the need to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with adequate rehabilitation or medical treatment.

We have reviewed the record and conclude that, in imposing the departure sentence, the district court provided an adequate individualized assessment of the relevant § 3553(a) sentencing factors in relation to Frye and his criminal conduct. The court took into consideration Frye's prior criminal conduct, which demonstrated a lack of respect for the law, the serious nature of his offenses, and the need for the sentence to deter Frye and protect the public. Although Frye argues that the 240-month sentence is unreasonable in view of his mental health history, we afford "due deference to the district court's

4

decision that the § 3553(a) factors, on a whole, justify the extent" of the departure.  <u>Gall</u>, 552 U.S. at 51.

Thus, we conclude that the district court did not abuse its discretion in sentencing Frye.  We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>